IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

TIMOTHY M. FELTON,
    Petitioner,

v.

STEVE KALLIS,
    Respondent.

Case No. 1:17-cv-01282-JES

## ORDER

Before the Court are the Petitioner, Timothy Felton's, *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (D. 1)[1], the Respondent, the United States of America's, Motion for Leave to Bifurcate its Response and Partial Response to Petitioner's Petition (D. 6), and the Petitioner's Reply to the Government's Response (D. 9). For the reasons set forth below, the Respondent's Motion (D. 6) is GRANTED and the Petitioner's Petition (D. 1) is DENIED. This matter is now terminated.

On June 19, 2017, Petitioner filed his Petition, arguing that, pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), his sentence was calculated using improper predicates to enhance his sentence. *Id.* at pp. 2; 14-30. Given two decisions from the Seventh Circuit, *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) (*Hawkins I*) and *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013) (*Hawkins II*), the Petitioner is precluded from obtaining relief.

Together, *Hawkins I* and *Hawkins II* hold that a petitioner may not seek on collateral review to revisit a district court's calculation of an offender's advisory guidelines range. Given the interest in finality of criminal proceedings, in *Hawkins I* the Seventh Circuit held an erroneous

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

interpretation of the guidelines should not be corrigible in a post-conviction proceeding so long as the sentence actually imposed was not greater than the statutory maximum. *Hawkins I*, 706 F.3d at 823-25. It specifically distinguished the advisory guidelines from the mandatory system in place at the time of *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) (holding Narvaez's improper sentence under the mandatory guidelines constituted a miscarriage of justice). Hawkins moved for rehearing in light of *Peugh v. United States*, 133 S. Ct. 2072 (2013), in which the Supreme Court held the Guidelines were subject to constitutional challenges "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Peugh*, 133 S. Ct. at 2082.

The Seventh Circuit denied rehearing because *Peugh* was a constitutional case whereas *Hawkins I* involved a miscalculated guidelines range, the legal standard in *Peugh* was lower than that required for post-conviction relief, and *Peugh*'s retroactivity was uncertain. *Hawkins II*, 724 F.3d at 916-18 ("[I]t doesn't follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly."). Petitioner's claim is thus untenable. Accordingly, the Court GRANTS the Respondent's Motion (D. 6) and DENIES the Petitioner's Petition (D. 1). This matter is now terminated.

*It is so ordered.*

Entered on March 19, 2018

  s/ James E. Shadid
James E. Shadid
Chief United States District Judge